FILED
DEC 20 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET H. GARFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br><br>    Defendant. | No. C03-04124 MJJ<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

On September 10, 2003, Plaintiff filed a lawsuit challenging the Social Security Administration's denial of benefits and alleging violation of her due process rights. On July 26, 2004, the Court remanded Plaintiff's case to the Social Security Administration ("SSA") for a determination of whether good cause exists to extend the statutory sixty-day administrative limitations period for filing a request for judicial review under 42 U.S.C. § 405(g).

On December 9, 2005, Plaintiff filed the instant Motion for Preliminary Injunction. (Doc. #22.) In her Motion, Plaintiff alleges that the SSA has failed to properly prepare her file so that the parties can proceed with an administrative hearing in accordance with this Court's Order remanding her case. She therefore seeks an order that:

> [R]estrains and enjoins Defendant, her agents, employees, and attorneys, and all those in active concert of participation with her or them from refusing to complete the index of the administrative record within ten days so that [Plaintiff] may review the file for completeness, and once determined complete by her, send to the Appeals Council for a speedy determination with 60 days of receipt of the record so that the Sentence six administrative hearing ordered by this Court on July 23, 2004 may be completed[.]

1  To prevail on a motion for preliminary injunction, the moving party must show either a
2  likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are
3  raised and the balance of hardships tips sharply in the movant's favor. *See Coalition for Economic Equity
4  v. Wilson*, 122 F.3d 692, 700 (9th Cir.1997). Here, Plaintiff's Motion does not address the merits of her
5  claims, but seeks relief with respect to the SSA's protocol in processing her file. Moreover, the Court
6  has remanded this matter to the SSA for further hearing because it is unclear whether subject matter
7  jurisdiction exists authorizing the Court to hear Plaintiff's claims. Based on these findings, injunctive
8  relief is inappropriate. The Court therefore **DENIES** Plaintiff's Motion for Preliminary Injunction (Doc.
9  #22).

10  **IT IS SO ORDERED.**

13  Dated: 12/20/2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE