IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET H. GARFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>    Defendant.<br>_____/ | No. 03-04124 MJJ<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;**<br><br>**(2) DENYING PLAINTIFF'S REQUEST FOR PERMISSIVE JOINDER; AND**<br><br>**(3) SETTING BRIEFING SCHEDULE** |

### INTRODUCTION

Before the Court is the Commissioner's renewed motion to dismiss Plaintiff's First Amended Complaint or, in the alternative, for a more definitive statement, filed pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(e). (Docket No. 29.) Also before the Court is Plaintiff's request for permissive joinder of Bruce G. Ross. (Docket No. 42.) For the following reasons, the Court **DENIES** the Commissioner's Motion and **DENIES** Plaintiff's request to join Bruce G. Ross as a plaintiff. The Court further sets a briefing schedule in this matter as ordered below.[1]

---

[1] The Court **GRANTS** Plaintiff's Application For Leave To File A Sur-Reply (Docket No. 41) in opposition to the Commissioner's renewed motion to dismiss, as the Commissioner's reply brief contained new arguments not raised in its original motion to dismiss or in its renewal of that motion. The Court has considered the Sur-Reply submitted by Plaintiff.

**FACTUAL BACKGROUND**[2]

Plaintiff was allegedly diagnosed with a bio-chemical mood disorder in 1976. (FAC ¶ 4.) Plaintiff filed a claim for disability benefits in 1991. In February 1992, Plaintiff alleges that a medical decision was rendered indicating that she was medically eligible for social security benefits. (*Id.*) However, in March 1992, Plaintiff alleges that she was denied benefits at the reconsideration stage due to "excess resources" without a hearing on the merits. (*Id.*)

Plaintiff apparently then filed another application for disability and disability insurance benefits in April 1994, which was denied initially and on reconsideration. (Samuelson Decl., ¶ 5(a).) Plaintiff claims that she was precluded from testifying at her own behalf regarding her changed financial condition at a hearing on the application in September 1995 before Administrative Law Judge ("ALJ") Price. (FAC ¶ 5.)[3] At that hearing, ALJ Price dismissed Plaintiff's re-filed claims on the basis of res judicata in light of the prior 1991 claim. (FAC ¶ 5.)

On July 24, 1996, Plaintiff requested review of the res judicata dismissal. (Samuelson Decl., ¶ 5(c).) Plaintiff alleges that on May 23, 1997, the Appeals Council ruled that Plaintiff should be afforded a new hearing, but that on September 22, 1997, the Appeals Council vacated its prior ruling and denied the application based on the statute of limitations. (FAC ¶ 6.)[4]

On September 10, 2003, Plaintiff filed this action. Although it is somewhat unclear from the complaint, it appears that Plaintiff makes a claim based on the denial of benefits, and also claims that her due process rights were violated.

Rather than answering and lodging the administrative record, the Commissioner filed a motion to dismiss Plaintiff's original complaint on December 17, 2003. Plaintiff filed her First

---

[2] All allegations are taken from Plaintiff's First Amended Complaint. However, Plaintiff's description of the procedural history of the case is sparse and unclear. Therefore, for the purpose of setting forth this factual background, the Court has also drawn on the declarations submitted by two different Acting Chiefs of Court Case Preparation and Review for the Social Security Administration in piercing together the prior administrative history of Plaintiff's case. (*See* Docket Nos. 9 and 29, Exh. A.)

[3] From Plaintiff's FAC, it is unclear when this hearing took place. However, Exhibit 1 to the Samuelson Declaration indicates that the hearing and decision took place on September 20, 1995.

[4] Information in the Samuelson Declaration suggests that on October 17, 1997, the Appeals Council vacated its September 22, 1997 decision and denied the request for review on the merits of the claim. (Samuelson Decl. ¶ 5(d) & Exhs. 2 & 3.) A denial on the merits is not alleged in the FAC, however.

2

Amended Complaint ("FAC") on January 16, 2004 – the current operative complaint – adding a claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. On February 3, 2004, the Commissioner then filed a motion to dismiss or, in the alternative, for a more definite statement. In that motion, the Commissioner contends that the statutory framework precludes jurisdiction over the claims, that there has been no final decision by the Commissioner subject to judicial review, and that Plaintiff's civil action is untimely.

On August 26, 2004, this Court partially ruled on the motion to dismiss. The Court found that, because Plaintiff arguably raises a colorable constitutional claim, her challenge to ALJ Price's 1995 res judicata decision should not be dismissed as precluded by the statutory framework. The Court therefore rejected the Commissioner's contentions that this Court lacks jurisdiction to hear Plaintiff's claims. However, in connection with the Commissioner's contention that the civil action is untimely under 42 U.S.C. § 405(g), the Court found it appropriate to remand the case to the Commissioner "for a 91-5p hearing to determine whether good cause exists for extending the time to request judicial review because Plaintiff lacked the capacity to timely file an appeal with this Court at the time her appeal was denied in 1997." Because of the remand, the Court did not rule on the timeliness of the civil action.

On April 5, 2006, the Commissioner filed a status report representing that the Appeals Council had made a determination on the issue subject to remand, and had determined "that there was no good cause for Plaintiff's failure to pursue her appeal on a timely basis." (Docket No. 29 at 2:23-24.) The Commissioner submitted an accompanying declaration that contains testimony and exhibits regarding the proceedings that took place subsequent to remand. The Commissioner, indicating that these events render its original motion to dismiss "ripe for review", now renews its motion to dismiss.

On September 29, 2006, Plaintiff filed a request for permissive joinder of Bruce G. Ross as a plaintiff in this action, which is opposed by the Commissioner.

**ANALYSIS**

**A.    Motion To Dismiss.**

Because this Court has previously determined that it has jurisdiction to hear Plaintiff's

3

challenge to the ALJ's 1995 res judicata decision (see Docket No. 20), the sole remaining issue raised by the Commissioner's motion to dismiss is whether Plaintiff's civil action is untimely under 42 U.S.C. § 405(g).[5] Not at issue in connection with this motion is the Appeals Council's determination, on remand, that there was no good cause shown for extending Plaintiff's time to seek judicial review of the denial of benefits. A refusal by the Appeals Council to grant a claimant's request for an extension of time to seek judicial review is not itself subject to judicial review. *See Peterson v. Califano*, 631 F.2d 628, 629-31 (9th Cir. 1980).

Though the Commissioner frames the untimeliness contention as a challenge to subject matter jurisdiction under Rule 12(b)(1), this characterization is inaccurate with respect to the sixty day requirement under 42 U.S.C. § 405(g). "[T]he 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Because the sixty day requirement is a statute of limitations, it is properly the subject of a Rule 12(b)(6) motion to dismiss, to the extent the running of the statute is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F2d 677, 682 (9th Cir. 1980).[6]

It is readily evident from the face of the complaint that, unless tolled, the sixty day period provided for in 42 U.S.C. § 405(g) has run. The last action by the Commissioner that Plaintiff seeks to challenge took place in late 1997. Plaintiff did not file this civil action until early 2003, more than five years later.

As to tolling, a motion to dismiss on statute of limitations grounds should be granted in this context "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987). Traditional equitable tolling principles apply to the Section 405(g) limitations period. *Bowen*, 476 U.S. at 480. Moreover, this Court is persuaded that, because the Section 405(g) statute

---

[5] The Commissioner's reply brief in support of the renewed motion (Docket No. 40) appears to reargue the question of whether this Court has jurisdiction to review the September 20, 1995 res judicata decision. This Court has already ruled on this issue, in Plaintiff's favor, and will not revisit the question here.

[6] The Court will not treat the Commissioner's motion to dismiss to a motion for summary judgment, which is permitted where a motion is accompanied by affidavits, and where all parties are permitted the opportunity to present all material pertinent to the motion. *See Jablon*, 614 F.2d at 682. The Commissioner did not accompany the original motion to dismiss with any affidavits, and did not put Plaintiff on notice of an intent to litigate affirmative defenses beyond the scope of the pleadings.

4

of limitations is part of a statute that Congress designed to be "unusually protective" of claimants, equitable tolling is not limited to situations in which the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way. *See Canales v. Sullivan*, 936 F.2d 755, 758-59 (2d Cir. 1991) ("we believe that equitable tolling of the 60-day statute of limitations of Section 405(g) may be warranted in cases where an SSI disability claimant fails to seek judicial review in a timely manner because of mental impairment").[7] Here, Plaintiff has alleged that her "bi-polar mental impairment . . . caused her to be ineffective in appealing her denial and without an attorney unable to appeal against the Defendant in Federal Court." (FAC ¶ 4.) Viewing Plaintiff's complaint liberally, this Court concludes that Plaintiff has alleged facts that, if true, could allow the application of equitable tolling. Accordingly, "the statute-of-limitations issue is not so clear-cut as to justify its resolution in this court prior to affording [Plaintiff] the opportunity to delineate further a factual basis for estoppel or equitable tolling. *Vernon*, 811 F.2d at 1278. The Court therefore finds it inappropriate to dismiss the FAC.[8]

## B.   Permissive Joinder of Bruce G. Ross.

Plaintiff seeks to join Bruce G. Ross as a plaintiff in this action. Federal Rule of Civil Procedure 20(a) permits joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Plaintiff has failed to establish that these threshold requirements are met. The only overlap in Plaintiff's and Ross's claims for relief appears to be the common question of whether ALJ Price is biased. This limited factual overlap, without more, fails to establish that Plaintiff's and Ross's claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

---

[7] The Court is not aware of any Ninth Circuit authority that has specifically addressed this issue.

[8] In the alternative, the Commissioner requests that the Court order a more definite statement from Plaintiff. Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Rule 12(e) motion for a more definite statement "[is] viewed with disfavor and [is] rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal.1994). Although Plaintiff's FAC is not a model of clarity, the Commissioner has not established that the FAC is so indefinite that the nature of the claim being asserted cannot be ascertained. Accordingly, the Court declines to order a more definite statement.

*See id.* Moreover, the Court finds that Plaintiff's delay in seeking joinder, and the prejudice that would result to the Commissioner and to Ross if joinder were permitted, further weigh against Plaintiff's request. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). The Court finds joinder to be unwarranted under these circumstances.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Commissioner's motion to dismiss and **DENIES** Plaintiff's request to join Bruce G. Ross as a plaintiff. The Court further **ORDERS** the following briefing schedule:

1. Defendant shall serve and file an answer, together with a certified copy of the transcript of the administrative record, within thirty (30) days of issuance of this order.
2. Plaintiff shall serve and file a motion for summary judgment or for remand within thirty (30) days of service of Defendant's answer.
3. Defendant shall serve and file any opposition, and any counter-motion for summary judgment or remand, within thirty (30) days of service of Plaintiff's motion.
4. Plaintiff may serve and file a reply within fourteen (14) days of service of Defendant's opposition or counter-motion.
5. Unless the Court orders otherwise, upon the conclusion of this briefing schedule, the matter will be deemed submitted for decision without oral argument.

**IT IS SO ORDERED.**

Dated: October 15, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE