1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANET H GARFIELD,                    No   C 03-4124 VRW

     Plaintiff,                    ORDER

     v

MICHAEL J ASTRUE, Commissioner of
Social Security,

     Defendants.
_____/

     On September 10, 2003, plaintiff Janet Garfield filed a
complaint under 42 USC § 405(g) against defendant Michael J Astrue,
Commissioner of Social Security.  Doc #1.  Plaintiff sought
judicial review of an Administrative Law Judge's ("ALJ's")
dismissal of plaintiff's request for hearing related to her
disability insurance benefits ("DIB") application filed under Title
II of the Social Security Act in April 1994 ("1994 DIB
Application").  The dismissal had become final in October 1997.
Doc #55, Administrative Record ("AR"), at 159.  Under § 405(g),
complaints for judicial review must be filed within sixty days of a
final decision by the Commissioner of Social Security.

United States District Court
For the Northern District of California

On July 26, 2004, Judge Martin J Jenkins remanded the matter to the Social Security Administration ("SSA") to determine whether good cause existed for plaintiff's delay in filing her complaint; the agency found no good cause and the matter was referred back to the district court.  Doc #20 at 6-7, AR 6-7.  On October 15, 2007, Judge Jenkins denied defendant's motion to dismiss, holding that although the sixty-day limitations period under § 405(g) had run, plaintiff had alleged facts that might warrant a finding of either equitable tolling or equitable estoppel.  Doc #50 at 4-5 ("It is readily evident from the face of the complaint that, unless tolled, the sixty day period provided for in 42 USC § 405(g) has run.").

Both parties have now moved for summary judgment and, in accordance with the Procedural Order for Social Security Review Actions (Doc #2) and Judge Jenkins' October 15, 2007 order (Doc #50 at 6) and re-assignment to the undersigned following Judge Jenkins' resignation, this matter has been submitted to the court for decision without oral argument.  The parties present four issues to the court: (1) whether plaintiff has met her burden to establish that equity allows an otherwise untimely claim; (2) whether the SSA's Appeals Council erred in finding that plaintiff did not have good cause for failing to file a timely claim; (3) whether the court should exercise jurisdiction pursuant to the mandamus statute, 28 USC § 1361; and (4) whether the court should grant plaintiff's request to augment the record.

For the reasons stated herein, the court has determined that plaintiff is not entitled to equitable relief from the limitations period, the Appeals Council determination is not

1  reviewable by this court, and jurisdiction under the mandamus

2  statute is not appropriate.  These holdings render the request to

3  augment the record moot.  Accordingly, plaintiff's motion is DENIED

4  and defendant's motion is GRANTED.

5

6                                      I

7                                      A

8          Plaintiff was born on May 31, 1936 and was allegedly

9  diagnosed with a bio-chemical mood disorder in 1976.  AR 8, Doc #10

10 at 2.  Plaintiff's papers assert that she suffers from a variety of

11 physical and mental conditions dating back to April, 1991 or

12 earlier (Doc #65 at 18-19); she was originally found to be unable

13 to work as of April 16, 1991, but later alleged an earlier onset

14 date.  AR 245, 369.  Plaintiff's medical history includes bipolar

15 affective disorder, back problems requiring surgery, diabetes,

16 cancer, retinesis pigmentosis and psychiatric hospitalizations in

17 April, October and November of 1996 and from November to December

18 of 1999.  Doc #65 at 18-20.  Plaintiff presents a list of eighteen

19 maladies purporting to explain her alleged "inability to effectuate

20 an appeal to this Court within the 60 days post the Appeals

21 Council's second denial on October 17, 1997."  Doc #65 at 19-20.

22

23                                      B

24         The procedural history of this case covers more than

25 seventeen years, consisting of an administrative phase which ran

26 from July 1991 to October 1997 followed by a judicial phase which

27 began with plaintiff's September 2003 complaint.

28 \\

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Plaintiff first filed a supplemental security income ("SSI") claim under Title XVI of the Social Security Act (the "Act") in July 1991 ("1991 SSI Application").  AR 151.  An ALJ denied the application in 1992 and informed plaintiff that although she was disabled under the Act, she was financially ineligible for SSI due to excess countable income and resources.  AR 150.  The ALJ also noted that plaintiff's "attempt to circumvent the process by hiding such income and resources, [sic] justifies a determination by the [SSA] that [SSI] benefits in the future should not be awarded unless the claimant can, through substantial documentation, establish that the income and resources leading to the current denial of [SSI] benefit status have been expended."  Id.

On August 27, 1991, plaintiff also filed for DIB under Title II of the Act ("1991 DIB Application") alleging a disability onset date of April 16, 1991.  AR 369.  Although the record is not entirely clear, it appears the 1991 DIB Application was denied and plaintiff did not appeal.  AR 159.

Plaintiff filed a second application for DIB in April 1994 ("1994 DIB Application"), which was denied both initially and upon reconsideration.  Doc #9-2 4-5; AR 159-60.  On September 20, 1995, Elizabeth Price, the assigned ALJ in the matter, dismissed plaintiff's request for hearing on grounds of res judicata, stating that "the same issues are involved in this claim as were adjudicated in the 1991 claim."  AR 159.  Plaintiff timely filed a request for review with the Appeals Council, specifically <u>not</u> "appealing the SSI issue" but requesting medical documents from that determination to be referenced in reviewing the 1994 DIB Application.  AR 173-74.  On October 17, 1997 the Appeals Council

4

1   found "no basis under [SSA] regulations for granting your request

2   for review" and that ALJ Price's dismissal was proper.  AR 165.

3   This ruling made the SSA's decision final under § 405(g), thus

4   starting the aforementioned sixty-day limitations period.

5          Plaintiff alleges, <u>inter alia</u>, that "bias" motivated ALJ

6   Price's ruling.  Doc #65 at 18.  Documents in the administrative

7   record establish that in January 1998 ALJ Price, faced with a

8   criminal investigation, recused herself from a number of cases and

9   was re-assigned in a handful of others between January 1996 and

10  February 1999.  AR at 248–55.  In October 1999, ALJ Price was

11  convicted of committing perjury in a social security matter in

12  which ALJ Price testified on behalf of her daughter.  <u>United States</u>

13  <u>v Price</u>, CR-99-00166 CRB, Doc #77 and #78, (ND Cal January 4,

14  2000); AR 249.  This misconduct had no connection with plaintiff's

15  social security appeals.

16         On September 20, 2002 plaintiff signed a contingent fee

17  agreement with Ian M Sammis, her counsel herein, under which Sammis

18  undertook to "[r]epresent client in a Social Security Disability

19  case at the Federal District Court Level."  AR 177–80.  Plaintiff

20  also signed a fee-for-services agreement with Andrew P Ragnes,

21  claim representative and Sammis's paralegal.  AR 175–76.  At that

22  time, Sammis was fully aware of ALJ Price's conviction:  in October

23  2001 Sammis filed — and lost — a suit against the SSA seeking to

24  compel disclosure of all social security applicants who received

25  unfavorable rulings before ALJ Price.  <u>Sammis v Barnhardt</u>, 2002 US

26  Dist LEXIS 10420 (June 6, 2002) (Zimmerman, MJ).  For reasons not

27  stated in the opinion, Sammis wished to inform the unsuccessful

28  \\

**United States District Court**
For the Northern District of California

applicants about Price's conviction.  Id at *2.  The court determined Sammis "was never able to explain a legal basis on which the unsuccessful applicant could obtain a rehearing solely because of Judge Price's conduct."  Id at *6.

Not until September 10, 2003 ── just shy of one full year after obtaining counsel ── did plaintiff file her complaint in district court seeking, <u>inter alia</u>, judicial review of plaintiff's aforementioned applications.  Doc #10.  Defendant moved to dismiss, arguing that the court lacked subject matter jurisdiction and plaintiff's complaint was untimely.  Doc #9 at 2-3.

On July 26, 2004, Judge Jenkins found that plaintiff "intended the 1994 application as one to reconsider a prior denial" and held that plaintiff's alleged mental impairment and lack of counsel in 1992 raised a colorable constitutional due process claim, affording the district court subject matter jurisdiction over plaintiff's complaint.  Doc #20 at 5.  The court then remanded the case to the SSA Appeals Council under authority of § 405(g) for a Social Security Ruling 91-5p ("SSR 91-5p") hearing "to determine whether good cause exists for extending the time to request judicial review because Plaintiff lacked the capacity to timely file an appeal with this Court at the time her appeal was denied in 1997."  Doc #20 at 6-7.

The Appeals Council assigned the hearing to an ALJ, who in turn wrote to plaintiff's representative Ragnes to afford him an opportunity to submit additional evidence and to advise him that a hearing would be scheduled separately.  AR 211-16.  On November 22, 2005, however, Ragnes wrote to the ALJ, stating in part:

\\

6

United States District Court
For the Northern District of California

1
2
3
4
5

> You have not "afforded Garfield an opportunity for a hearing" for a period of 12 months. In the meanwhile, we have filled the file with additional evidence. Since it appears futile to request a hearing and since the additional evidence has not been properly entered and listed for this time, we hereby DEMAND that you close the file with this letter and send the file, with all of the evidence submitted, back to the Appeals Council.

6   AR 223. Ragnes subsequently waived plaintiff's right to a hearing

7   conditioned upon the inclusion of hundreds of pages of new medical

8   records and the matter was returned to the Appeals Council for

9   decision based on the file per Ragnes's request. AR 279-A.

10          On March 16, 2006, the Appeals Council determined that

11  plaintiff had not presented relevant evidence to support a finding

12  that she had good cause for failing to seek timely judicial review.

13  AR 6-7. The Appeals Council based its decision in part on the

14  following findings:

15
16
17
18
19

> An [ALJ] dismissed the claimant's request for hearing on September 20, 1995. Thereafter, the claimant acted on her own behalf in filing a request for review of that order on November 21, 1995. On July 24, 1996, the claimant, again acting on her own behalf, visited the Social Security office in San Rafael, California, to ascertain the status of her request. There was no indication of any problem preventing the claimant from acting on her own behalf at that time.

20
21
22
23

> The Appeals Council denied the claimant's request for review on October 17, 1997. On February 25, 1998, the claimant filed an application for retirement insurance benefits. The claimant was able to file this application without assistance.

24  AR 6-7. The Appeals Council also determined the additional medical

25  records plaintiff submitted did not "pertain[] to the issue of

26  whether, during the 60 days following the receipt of the Appeals

27  Council's October 17, 1997 notice, the claimant was unable to file

28  an appeal due to any mental or physical problem." AR 7.

United States District Court
For the Northern District of California

Proceedings resumed in the district court and defendant renewed his motion to dismiss based on the Appeals Council's SSR 91-5p ruling. Doc #29 at 1. In a October 15, 2007 order, Judge Jenkins court ruled that, "unless tolled, the sixty day period provided for in 42 USC § 405(g) has run," and that "the statute-of-limitations issue is not so clear-cut as to justify its resolution in this court prior to affording [Plaintiff] the opportunity to delineate further a factual basis for estoppel or equitable tolling." Doc #50 at 4-5. The court also recognized that traditional equitable tolling principles might be warranted when a claimant fails to file a timely complaint for judicial review under § 405(g) because of a mental impairment. Doc #50 at 5. Accordingly, Judge Jenkins set a briefing schedule calling for plaintiff to submit a motion for summary judgment, defendant to submit an opposition and cross-motion for summary judgment and plaintiff to file a reply in order for the matter to be submitted for decision without oral argument. Doc #50 at 6. On April 11, 2008, the case was reassigned to the undersigned. Doc #64.

II

Plaintiff's complaint seeking judicial review was filed almost six years after a final SSA determination. Accordingly, plaintiff must establish that the circumstances that delayed the filing of her complaint warrant relief from the applicable sixty-day limitations period. Plaintiff argues that: (1) defendant should be equitably estopped from asserting the limitations period; (2) defendant's actions and plaintiff's special circumstances warrant equitable tolling; (3) the Appeals Council erred when

refusing to extend plaintiff's time to seek judicial review; and (4) that defendant denied her a clear nondiscretionary duty warranting relief under the mandamus statute, 28 USC § 1361.  Doc #65 at 14-24.

A

Equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." Santa Maria v Pacific Bell, 202 F3d 1170, 1176 (9th Cir 2000). Plaintiff has the burden to show that defendant should be equitably estopped from asserting that plaintiff's claim is barred by the sixty-day limitation period.  For the court to find equitable estoppel against a defendant, "the plaintiff must point to some fraudulent concealment, some active conduct by the defendant 'above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'"  Lukovsky v City & County of San Francisco, 535 F3d 1044, 1052 (9th Cir 2008) (quoting Santa Maria v Pacific Bell, 202 F3d 1170, 1177 (9th Cir 2000)).  "In order for equitable estoppel to apply against the government, the government must have engaged in 'affirmative misconduct going beyond mere negligence' and caused 'a serious injustice.'"  Cedars-Sinai Med Ctr v Shalala, 177 F3d 1126, 1130 (9th Cir Cal 1999) (quoting Watkins v United States Army, 875 F2d 699, 707 (9th Cir 1989).  Read together, these cases present the applicable rule of decision for this issue:  the government may be equitably estopped only if the government engaged in fraudulent concealment or other misconduct beyond mere negligence (or, presumably, an incorrect ruling); this misconduct prevented

9

United States District Court

For the Northern District of California

plaintiff from filing within the sixty-day limitations period; and barring plaintiff's suit would cause a serious injustice.

Plaintiff attempts to meet her burden by alleging that the SSA's rulings denied her due process and kept her from understanding her rights, resulting in plaintiff's failure to file her complaint for almost six years.  See doc #65 at 16.  First, plaintiff argues that the ALJ deciding plaintiff's 1991 SSI Application was required, yet failed, to adjudicate plaintiff's 1991 DIB application.  Doc #65 at 4.  Contrary to plaintiff's assertion, boilerplate language from plaintiff's 1994 application requesting SSI and "benefits under the other programs administered by the [SSA]," Doc #58-2 at 22, is not legal authority for the proposition that, when ruling on an SSI application, an ALJ is required to adjudicate a previously-filed DIB claim.  Doc #65 at 4.  Second, plaintiff argues that ALJ Price issued a "fraudulent" res judicata finding.  Doc #65 at 16.  But ALJ Price was clearly entitled under 20 CFR 404.957 to dismiss a request for hearing on res judicata grounds without conducting a hearing.  Doc #9-2 at 3-4; see Kelly v Apfel, No 97-6211, 1998 US App LEXIS 30127, *12 (6th Cir Nov 20, 1998) ("ALJ may refuse to conduct a hearing if res judicata bars the claims at issue in the application for benefits").  Finally, plaintiff argues the Appeals Council's October 1997 ruling denying review misled plaintiff by failing to note plaintiff "had been denied a hearing."  Doc #65 at 16.  No legal authority supports plaintiff's assertion, and the Appeals Council's denial of review bears no mark of fraud, concealment or other affirmative misconduct.

\\

United States District Court

For the Northern District of California

Plaintiff further suggests, illogically, that ALJ Price's decision against plaintiff was motivated by bias based on ALJ Price's subsequent conviction for perjury in an unrelated matter. Doc #65 at 18. ALJs are presumed to be unbiased; overcoming this presumption requires showing "the ALJ's behavior, in the context of the whole case, was []so extreme as to display clear inability to render fair judgment.[]" Rollins v Massanari, 261 F3d 853, 857-58 (9th Cir 2001). A subsequent conviction in an unrelated matter falls well short of the standard articulated in Rollins, especially when, as here, the challenged ALJ decision has been explicitly affirmed by the Appeals Council.

Most importantly, plaintiff's subsequent actions vitiate her argument that the alleged government misconduct prevented timely filing of her claim. Plaintiff timely requested review of ALJ Price's decision stating she "was never permitted to attend the hearing nor was told when it was scheduled." AR 173. If ALJ Price's denial of a hearing did not prevent plaintiff from filing for review with the Appeals Council, how could it have kept her from later filing for review with this court? Plaintiff does not attempt to explain this discrepancy.

Because plaintiff has sufficiently failed to allege that defendant engaged in fraudulent concealment or other active misconduct resulting in plaintiff's failure to file a timely complaint, defendant is not estopped from asserting the sixty-day statute of limitations.

\\
\\
\\

11

**B**

Equitable tolling "focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." <u>Santa Maria</u>, 202 F3d at 1176.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v DiGuglielmo</u>, 544 US 408, 418 (2005).  Acknowledging that it is the SSA's province to determine whether to extend a statutory period in social security proceedings, the Supreme Court has held that "cases may arise where the equities in favor of tolling the limitations period [of § 405(g)] are 'so great that deference to the agency's judgment is inappropriate.'"  <u>Bowen v New York</u>, 476 US 467, 480 (1986) (quoting <u>Mathews v Eldridge</u>, 424 US 319, 331 (1976)).  In <u>Bowen</u>, the Court held that equitable tolling was appropriate when a secretive government policy prevented plaintiffs from learning of a violation of their rights.  476 US at 481.  Equitable tolling can also be appropriate if the government's actions led plaintiff to be unaware of its wrongdoing, resulting in failure to bring an appeal. <u>Cada v Baxter Healthcare Corp</u>, 920 F2d 446, 451 (7th Cir 1990) (equitable tolling may apply when a plaintiff "cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant").

Denying defendant's motion to dismiss, Judge Jenkins recognized that "equitable tolling [of § 405(g)] is not limited to situations in which the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way."  Doc # 50 at 5.  Judge Jenkins denied defendant's

United States District Court
For the Northern District of California

1  motion to dismiss specifically in order to afford plaintiff the
2  opportunity to develop further a factual basis for equitable
3  tolling based on her allegation that her "bi-polar mental
4  impairment * * * caused her to be ineffective in appealing her
5  denial and without an attorney unable to appeal against Defendant
6  in Federal Court."  Doc #50 at 5.

7        Remarkably, plaintiff has largely foregone the argument
8  that Judge Jenkins invited her to develop.  Instead, plaintiff
9  devotes the bulk of her equitable tolling argument to allegations
10 that the government hindered plaintiff's ability to exercise her
11 rights by failing to provide her information about ALJ Price's 1995
12 denial.  Plaintiff primarily argues that equitable tolling is
13 warranted because "the Appeals Council failed to provide notice to
14 Plaintiff that ALJ Price was required to provide Plaintiff with an
15 oral hearing."  Doc #65 at 17.  As discussed previously, plaintiff
16 has not established that she was entitled to an oral hearing before
17 ALJ Price, and accordingly cannot show government wrongdoing.
18 Plaintiff argues that "[w]hat is at issue here is the clandestine
19 coverup by the Agency of ALJ Price's general bias towards
20 claimants."  Doc #65 at 18.  The court will not entertain
21 plaintiff's attempts to obfuscate the issue with unfounded
22 accusations; plaintiff has presented no evidence supporting the
23 type of secretive government conduct that warranted equitable
24 tolling in <u>Bowen</u>.

25       Plaintiff responded to ALJ Price's decision by seeking
26 review from the Appeals Council and asking the council to consider
27 plaintiff's diagnosis of additional medical conditions and claims
28 of an earlier disability onset date.  AR 173-74.  The Appeals

13

United States District Court
For the Northern District of California

Council denied review, and the record provides no evidence of further efforts by plaintiff to seek an attorney or otherwise seek review between October 1997 and September 2002. Equitable tolling is "not available to avoid the consequences of one's own negligence." Lehman v United States, 154 F3d 1010, 1016 (9th Cir 1998). Plaintiff's groundless allegation that the Appeals Council's affirmance of ALJ Price's ruling was a fraud merely expresses disagreement with the Appeals Council's decision, the appropriate remedy for which would have been a timely complaint seeking judicial review.

The Ninth Circuit has not ruled on whether failing to file a timely complaint because of incapacity due to mental impairment warrants equitable tolling of § 405(g), but Judge Jenkins allowed plaintiff to present arguments for equitable tolling relying in part on Canales v Sullivan, 936 F2d 755 (2d Cir 1991). In Canales, the Second Circuit wrote:

> we believe that equitable tolling of the 60-day statute of limitations of Section 405(g) may be warranted in cases where an SSI disability claimant fails to seek judicial review in a timely manner because of mental impairment. Where a claimant avers incapacity due to mental impairment during the 60-day period, the district court should permit the claimant to present evidence in support of this claim. If the claimant proves that she was incapacitated for any length of time during the 60-day period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted.

936 F2d at 759 (emphasis added). Assuming arguendo that incapacity due to mental impairment could warrant equitable tolling, Canales would require plaintiff first to prove incapacity during some

\\

**United States District Court**
For the Northern District of California

portion of the sixty-day period, and then to establish that the totality of the circumstances warrants equitable tolling.

Plaintiff first attacks as a "post hoc rationalization" defendant's assertion that plaintiff "has not presented evidence which would demonstrate that any alleged mental impairment prevented her from timely seeking judicial review."  Doc #71 at 15. But defendant's assertion correctly focuses on the relevant sixty-day period and is consistent with the Appeals Council's determination that no good cause to extend the limitations period existed in the two months following October 17, 1997.  AR 279-K,L. Plaintiff's papers document hospitalizations for manic episodes in April 1996 and October and November 1999, but provide no medical evidence of mental incapacity specifically during the relevant sixty days.  Doc #65 at 18-19.  Any implication that the hospitalizations are evidence of an ongoing and permanent incapacity to file a complaint is refuted by the Appeals Council's previously discussed finding that plaintiff effectively took action on her own behalf several times without assistance between November 1995 and February 1998.  AR 279-K,L.

More importantly, however, because plaintiff retained counsel on September 20, 2002, the court need not reach whether grounds existed for tolling the limitations period from October 17, 1997 to September 19, 2002.  In <u>Vitt v Astrue</u>, 2008 US Dist LEXIS 14674 (February 14, 2008) (Wilken, J), the court rejected a request for equitable tolling under 42 USC § 405(g) when a plaintiff (also represented by Sammis) filed a complaint just five days after the statutory period had run.  Judge Wilken wrote: "Plaintiff, who was represented by counsel, had enough information to file her social

United States District Court
For the Northern District of California

security disability appeal on time.  However, she and her attorney did not do so.  Equitable tolling is not available to avoid the consequences of Plaintiff's negligence or that of her counsel." Vitt, 2008 US Dist LEXIS 14674 at *13.  Judge Wilken relied on Leorna v United States Dept of State, 105 F3d 548, 541 (9th Cir 1997), which held "[o]nce a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements."

Even assuming there was a basis for tolling the limitations period until plaintiff hired Sammis —— which there is not —— on September 20, 2002, plaintiff and Sammis together were aware of plaintiff's final administrative denial, the sixty-day limitations period in which to file for judicial review and ALJ Price's conviction in an unrelated matter —— a fact that plaintiff misguidedly relies upon for her equitable estoppel and tolling arguments.  Accordingly, tolling cannot help bridge the year-long chasm between the date plaintiff obtained counsel and the date her counsel filed suit.  Plaintiff may have a cause of action for malpractice based on her attorney's failure to seek timely review after being hired to "represent client in a Social Security Disability case at the Federal District Court Level," but her suit against defendant is time-barred.

C

Plaintiff alternatively argues that the SSA Appeals Council erred by refusing to extend plaintiff's time to request review.  Doc #65 at 19-20.  SSR 91-5p provides that the SSA shall

United States District Court
For the Northern District of California

"determine whether or not good cause exists for extending the time to request review" when a "claimant presents evidence that mental incapacity prevented him or her from timely requesting review" and "claimant had no one legally responsible for prosecuting the claim." SSR 91-5p. Establishing mental incapacity requires a showing that plaintiff "lacked the mental capacity to understand the procedures for requesting review" and the SSA must consider whether claimant had "any mental or physical condition which limits the claimant's ability to do things for him/herself." SSR 91-5p.

"A refusal by the Appeals Council to grant a claimant's request for an extension of time to seek judicial review is not itself subject to judicial review." Doc #50 at 4 (citing Peterson v Califano, 631 F2d 628, 629-31 (9th Cir 1980)). Nonetheless, plaintiff appears to seek review of the Appeals Council's no-good-cause determination under the "colorable constitutional claim" exception recognized in Califano v Sanders, 430 US 99 (1977) and relied upon in Udd v Massanari, 245 F3d 1096 (9th Cir 2001). Doc #65 at 19-20. In Califano, the court held § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for benefits." Califano, 430 US at 107-8. The only exception to this rule is "where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." Id at 109. In Udd, the plaintiff received two years of disability benefits before the SSA terminated them in 1976. 245 F3d at 1098. In 1994 he asked the court to reopen the earlier claim, arguing that in 1976 he had been unrepresented and lacked the mental capacity to understand the termination decision. Id at 1097. The court held that "[w]here a claimant alleges that a prior

17

**United States District Court**
For the Northern District of California

determination should be reopened because he suffered from a mental impairment and was not represented by council at the time of the denial of benefits, he has asserted a colorable constitutional claim."  245 F3d at 1099.

Udd is inapposite here because plaintiff was represented by Sammis and Ragnes before, during and after the Appeals Council denied the requested extension for good cause under SSR 91-5p in connection with the federal court proceedings.  Similar to the principle expressed in Vitt, representation by council negates the impact of plaintiff's alleged mental incapacity.  Ragnes even waived plaintiff's right to a hearing and demanded the case file be given to the Appeals Council for decision.  AR 279-J.  Because the Udd exception is not available, the SSR 91-5p ruling is not reviewable by this court.

Plaintiff, moreover, misrepresents the record by contending that the Appeals Council's SSR 91-5P ruling was not based on substantial evidence and failed to discuss potentially relevant medical evidence.  Doc #65 at 20.  The Appeals Council cited specific evidence that plaintiff had the mental and physical capacity to understand the procedures for requesting review and took actions on her own behalf between November 1995 and February 1998, including filing a request for review of ALJ Price's order with the Appeals Council, personally visiting the social security office to check on the status of her request for review and filing an application for retirement benefits.  AR 279-K,L.  The Appeals Council also considered the voluminous evidence presented by plaintiff and found that "[n]one of that evidence pertains to the issue of whether, during the 60 days following the receipt of the

18

United States District Court
For the Northern District of California

Appeals Council's October 17, 1997 notice, the claimant was unable to file an appeal due to any mental or physical problem."

Plaintiff further argues that the Appeals Council erred in failing to provide an explanation of the weight given to the variety of medical records referred to by plaintiff.  Doc #65 at 20.  But the Appeals Council properly granted these records no weight as they were not relevant to the question before it.

D

Finally, plaintiff seeks relief under the mandamus statute, which provides "the district courts shall have original jurisdiction of any action * * * to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff."  28 USC § 1361.  Mandamus is only available to a plaintiff when "the defendant owes him a clear nondiscretionary duty."  Heckler v Ringer, 466 US 602, 616 (1984).  The Ninth Circuit has held that the Secretary of Health and Human Services owes a claimant a duty to adjudicate claims according to the Social Security Act, which does not include reopening lapsed claims.  Johnson v Shalala, 2 F3d 918, 923 (9th Cir 1993).  Because plaintiff's claim has lapsed as per the discussion above, § 1361 is unavailable under Johnson.

\\
\\
\\
\\
\\
\\

19

**United States District Court**
For the Northern District of California

III

  For the foregoing reasons, plaintiff's motion is DENIED and defendant's motion is GRANTED.  Because the court has determined that plaintiff's claim was not timely filed, plaintiff's request to augment the record is denied as moot.  The clerk is directed to close the file and terminate all pending motions.

  IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge