IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANET H GARFIELD,                              No    C 03-4124 VRW

    Plaintiff,                               ORDER

    v

MICHAEL J ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

        Plaintiff Janet H Garfield filed a motion under FRCP 59(e) to alter or amend this court's December 12, 2008 order finding her complaint seeking judicial review of the Social Security Administration's final decision time-barred. Doc #76.

        "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v Calderon, 197 F3d 1253, 1255 (9th Cir 1999) (citations omitted). Plaintiff asserts that this court made "clear errors," in essence, by ruling against her and for Defendant

Michael J Astrue.  Plaintiff now reasserts at considerable length the same issues and arguments in her motion to alter and amend as in the original moving papers.  The court carefully considered and rejected plaintiff's arguments in the December 12, 2008 order and sees no good cause for revisiting the ruling.  Accordingly, plaintiff's motion to alter or amend the December 12, 2008 order is **DENIED**.

A motion under FRCP 59(e) is intended for "highly unusual circumstances" and should not be used by losing parties to reargue motions as a matter of course.  FRCP 59(e) is similar to Local Rule 7-9 which provides in part:

> No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.  Any party who violates this restriction shall be subject to appropriate sanctions.

Local Rule 7-9(c).  Plaintiff's lawyer, Ian M Sammis, has demonstrated a pattern of routinely filing motions under FRCP 59(e) after losing summary judgment motions in social security cases.  Sammis has also improperly filed motions under FRCP 59(e) following orders that did not result in the entry of judgment.  Below is a non-exhaustive list of cases in the Northern District of California in which Sammis has used FRCP 59(e) or FRCP 60(b), which operates in a similar manner, to reargue such motions:

| Docket Number | Doc # | Case Title | Outcome |
| --- | --- | --- | --- |
| 3:02-cv-3670 JSW | 39 | Willis v Barnhart | DENIED |
| 3:03-cv-0369 SC | 25 | Handley v Barnhart | DENIED |
| 3:03-cv-2900 MEJ | 26 | Podgorny v Barnhart | DENIED |
| 3:04-cv-5060 MHP | 23 | McCarty v Barnhart | DENIED |

Case 3:03-cv-04124-VRW   Document 77   Filed 02/05/09   Page 3 of 4

| Docket Number | Doc # | Case Title | Outcome |
|---|---|---|---|
| 3:04-cv-5279 MEJ | 21 | Podgorny v Barnhart | DENIED |
| 3:04-cv-5379 VRW | 19 | Estate of Lopes v Barnhart | DENIED |
| 3:05-cv-0289 SI | 24 | Coleman v Barnhart | DENIED |
| 3:05-cv-2512 WHA | 15 | Kelsey v Barnhart | DENIED |
| 3:05-cv-3379 MMC | 20 | Schanz v Barnhart | DENIED |
| 3:06-cv-1912* SI | 35 | Coleman v Astrue | DENIED |
| 3:06-cv-4367 SI | 15 | Riley v Barnhart | DENIED |
| 3:06-cv-5062* JSW | 33 | Whitmore v Astrue | DENIED |
| 3:06-cv-5422 SI | 37 | Stevenson v Astrue | DENIED |
| 3:06-cv-5423 SI | 36 | Powers v Astrue | DENIED |
| 3:06-cv-7374 CRB | 24 | White v Astrue | DENIED |
| 3:07-cv-5102 VRW | 24 | Saenz v Astrue | DENIED |
| 4:04-cv-4932 SBA | 72 | Taverniti v Astrue | DENIED |
| 4:06-cv-7184 CW | 28 | Vitt v Astrue | DENIED |

*motions marked with an asterisk were filed under FRCP 60(b)

Sammis appears to have established a practice of routinely misusing FRCP 59(e) —— a practice which wastes court resources and, as the chart above demonstrates, has yielded no identifiable benefit to Sammis's clients. Accordingly, Sammis is now admonished that further misuse of FRCP 59(e) and/or FRCP 60(b) in this manner will result in a referral to the court's Standing Committee on Professional Conduct under Local Rule 11-6.

Going forward, Sammis may be confident that he is not misusing FRCP 59(e) or FRCP 60(b) if he employs the criteria applicable to motions for reconsideration under Local Rule 7-9(c) when considering bringing a motion under FRCP 59(e) or FRCP 60(b).

//
//

3

Plaintiff's motion to alter or amend this court's December 12, 2008 order is DENIED. The clerk is directed to close the file and terminate all pending motions.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

**United States District Court**
For the Northern District of California

**4**