IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET H GARFIELD, | No C 03-4124 VRW |
| Plaintiff, | CA9 Docket No: 09-15664 |
| v | ORDER |
| MICHAEL J ASTRUE, Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

     Plaintiff Janet H Garfield has filed a motion under FRAP 24(a)(1) seeking leave to proceed in forma pauperis on appeal. Doc #87. The court now DENIES the motion and sets forth its reasons herein as required by FRAP 24(a)(2).

     On April 4, 2009, plaintiff filed a notice of appeal (Doc #78, 79) from (1) the court's December 12, 2008 order granting defendant's motion for summary judgment (Doc #74) and (2) the court's February 5, 2009 order denying her motion under FRCP 59(e) to alter or amend the December 12 order. Doc #77. Plaintiff did not submit the $455 filing fee with her notice of appeal. Doc #82. Following a written request from the clerk of the court for the

1 filing fee, plaintiff submitted a completed FRAP Form 4, the
2 affidavit accompanying motion for permission to appeal in forma
3 pauperis, leaving blank the line for stating "my issues on appeal"
4 but bearing her signature.  Doc #83.

5 On May 6, 2009, the court provided plaintiff a further
6 opportunity to comply with FRAP 24(a)(1).  Doc #86.  Because
7 plaintiff did not proceed in forma pauperis in the district court
8 action, the rule required her to file a motion to proceed in forma
9 pauperis on appeal.  The May 6 order gave plaintiff twenty-one days
10 in which to file a motion attaching an affidavit that not only
11 provided a detailed description of her inability to pay court fees
12 and costs (FRAP 24(a)(1)(A) & Form 4), but also "claim[ed] an
13 entitlement to redress" (FRAP 24(a)(1)(B)) and stated "the issues
14 that the party intends to present on appeal."  FRAP 24(a)(1)(C).

15 On May 16, 2009, plaintiff filed a motion seeking leave
16 to proceed in forma pauperis on appeal.  Doc #87.  Plaintiff
17 correctly pointed out that her already-completed Form 4 included an
18 affidavit that contained the statement "I believe I am entitled to
19 redress," thus fulfilling the requirement of FRAP 24(a)(1)(B).  Doc
20 #87-1.  As for FRAP 24(a)(1)(C), plaintiff's attorney Ian Sammis
21 submitted his own declaration captioned "Declaration of Ian Sammis
22 Ex Rel Janet H Garfield" stating that

> Ms Garfield alleges her answer to the Form 4 question on the issues that she intends to present on appeal is/are: <u>the District Court's affirmation of the Appeals Council's 91-5p determination that there was no good cause for tolling administrative finality of the unappealed Appeals Council's denial for remand to allow Claimant a hearing</u>.

27 Doc #87-2 (emphasis added).
28 \\

**2**

The "issue" thus expressed is not phrased in the typical form of an issue for the court of appeals -- that is, it does not set forth a specific contention or question regarding an alleged error on the part of the district court warranting review.  This is one significant deficiency with plaintiff's motion that might alone warrant denial; but under the circumstances, a strictly procedural ruling would not be appropriate.  While it is unfortunate that, given that plaintiff is represented by counsel, it is necessary to construe her submissions liberally in order to determine their meaning, the court now does so in order to determine whether or not the proposed appeal is frivolous or "not taken in good faith."  28 USC § 1915(a)(3).

Plaintiff's stated "issue" for appeal most closely resembles the second of the four issues she presented to the district court on appeal from the Social Security Administration (SSA):  (1) whether plaintiff has met her burden to establish that equity allows an otherwise untimely claim; (2) whether the SSA's Appeals Council erred in finding that plaintiff did not have good cause for failing to file a timely claim; (3) whether the court should exercise jurisdiction pursuant to the mandamus statute, 28 USC § 1361; and (4) whether the court should grant plaintiff's request to augment the record.  Order dated December 12, 2009 (Doc #74) at 2.  The stated "issue" for appeal may therefore fairly be construed as a challenge to the court's determination that there was no legal basis for equitable tolling of the sixty-day limitation period under 42 USC § 405(g) that would have warranted allowing plaintiff to initiate her suit nearly six years late.  Order dated December 12, 2008 (Doc #74) at 12-16.

3

To review the raw chronological facts, the SSA's determination became final on October 17, 1997, but plaintiff did not file her complaint until September 10, 2003. Id at 3. In the interim, plaintiff retained attorney Ian Sammis on September 20, 2002 -- nearly <u>one year</u> before her lawsuit was filed. Id at 5-6.

Notwithstanding these seemingly insurmountable chronological facts, plaintiff was given an opportunity to develop a factual basis for equitable tolling based on her allegation that her "bi-polar mental impairment * * * caused her to be ineffective in appealing her denial and without an attorney unable to appeal against Defendant in Federal Court." Doc #74 at 13. As noted in the December 12 order, plaintiff largely forewent this opportunity, instead opposing summary judgment by: (1) "attempt[ing] to obfuscate the issue" with lengthy, unsubstantiated accusations that the SSA was responsible for plaintiff's failure to file a timely appeal (Doc #74 at 13); and (2) submitting irrelevant evidence of hospitalizations neither during the sixty-day period following the SSA's final denial nor any time close to it. Id at 15.

More importantly, plaintiff did not even attempt to explain why nearly one full year elapsed from the time she hired attorney Ian Sammis to represent her in her social security matter and the date she filed her complaint. As the court wrote in its December 12 order, "[e]quitable tolling is not available to avoid the consequences of Plaintiff's negligence or that of her counsel," citing <u>Vitt v Astrue</u>, 2008 US Dist LEXIS 14674 at *13 (appeal under § 405(g) held time-barred when filed five days late) and <u>Leorna v United States Dept of State</u>, 105 F3d 548, 541 (9th Cir 1997)("Once a claimant retains counsel, tolling ceases because she has gained

4

the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements."). Accordingly, the court further wrote,

> tolling cannot help bridge the year-long chasm between the date plaintiff obtained counsel and the date her counsel filed suit. Plaintiff may have a cause of action for malpractice based on her attorney's failure to seek timely review after being hired to "represent client in a Social Security Disability case at the Federal District Court Level," but her suit against defendant is time-barred.

Doc #74 at 16.

Given the undisputed facts and the controlling legal authorities as detailed in the court's December 12 order, a less likely case for a finding of equitable tolling can scarcely be imagined.

Notwithstanding the insurmountable procedural obstacles to recovery that were explained in detail in the court's order granting summary judgment for the defendant, plaintiff responded to the entry of judgment against her by filing a motion to amend the judgment under FRCP 59(e). Doc #76. Upon investigation, the court determined that it is the practice of plaintiff's attorney Ian Sammis to file such motions routinely after judgment is entered against his clients and that he had done so in eighteen cases identified by the court -- all without success; accordingly, the court entered an order denying the motion, documenting counsel's misuse of FRCP 59(e) and/or FRCP 60(b) and admonishing counsel against further misuse of these rules and the attendant waste of court resources. Doc #77. This is one of the two orders that is the subject of the proposed appeal.

\\

5

It appears that, like the frivolous motion under FRCP 59(e) filed herein, plaintiff's appeal is not the product of thoughtful and informed consideration of the likelihood of persuading the court of appeals to view the equitable tolling issue in a light different from this court and is certainly not appropriate for in forma pauperis status.  The court therefore finds that plaintiff's proposed appeal is "not taken in good faith" within the meaning of 18 USC § 1915(a)(3).

The motion to proceed in forma pauperis on appeal is DENIED.  FRAP 24(a)(2).

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge